753 P.2d 1321
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Steve CURRY, Defendant–Appellant.**

**No. 10470.**

Court of Appeals of New Mexico.

March 31, 1988.

Certiorari Denied April 26, 1988.

Jacquelyn Robins, Chief Public Defender, Hollis A. Whitson, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant appeals from his convictions for attempted trafficking by possession with intent to distribute, and conspiracy. Our calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition and a motion to amend the docketing statement to rephrase his first issue. Defendant's motion to amend the docketing statement is granted. Not persuaded by defendant's memorandum, we affirm his convictions.

FACTS

A courier for Federal Express attempted to deliver a package addressed to defendant at a Clovis address. The package was addressed to "Steve Curry, 1201 W. 6th Street, Apt. #8, Clovis, New Mexico 88101." The courier was unable to get an answer at apartment No. 8, so he posted a delivery notice on the door of apartment No. 8 and left the package with Ms. Chavez, who lived in apartment No. 9. While Ms. Chavez was cleaning house, her three-year-old daughter opened the package and brought to the mother a bag containing a white powdery substance. Ms. Chavez believed the white powder to be cocaine. She removed the delivery notice from the door of apartment No. 8 and then went to the Clovis Police Department, where she turned over the delivery notice and the package to Officer Casarez. Ms. Chavez then returned to her apartment.

Officer Casarez turned the package over to Detective Rice of the Clovis Police De-

partment Narcotics Section. The package contained a 9″ × 12″ envelope, two letter-size envelopes containing plastic bags of white powder, and one letter-size envelope containing twenty-four empty plastic bags, approximately 1″ × 2″ in size. Detective Rice tested the two bags containing white powder. The tests were positive for cocaine and amphetamine.

That afternoon, while Ms. Chavez was at her apartment with a friend, Ms. Valencia, defendant came to the door. Ms. Valencia answered the door, at which time defendant stated that he had called Federal Express about a package and learned it had been left with a "T. Chavez" at apartment No. 9. He asked Ms. Valencia if there was any package for him and she informed him that there was not. Defendant told her to look for a package, which she did, and she again told him there was no package. Detective Rice telephoned Ms. Chavez, at which time Ms. Chavez informed him that defendant had been to her apartment. Detectives Rice and Farkas then drove to the apartments at 1201 W. 6th Street in an unmarked vehicle and parked.

Ms. Chavez and Ms. Valencia attempted to leave apartment No. 9 when they were confronted by defendant. Defendant told Ms. Chavez that Federal Express had told him his package had been delivered to her. Ms. Chavez informed defendant she had placed the package between the screen and the front door of apartment No. 8. Ms. Chavez and Ms. Valencia got in their car and left. Detectives Rice and Farkas followed them to the State Police Complex where the details of the latest encounter with defendant were related to the detectives. When Ms. Chavez and Ms. Valencia returned to the apartments, defendant again confronted Ms. Chavez and asked about the package. Detective Rice obtained an arrest warrant and defendant was arrested later that evening.

DISCUSSION

1. *Whether Attempted Trafficking by Possession with Intent to Distribute is a Crime Under New Mexico Law*

Defendant maintains that an attempted violation of NMSA 1978, Section 30–31-20(A)(3) (Repl.Pamp.1987) is not a crime under New Mexico law. Under Section 30–31–20(A)(3), trafficking is defined as "possession with intent to distribute any controlled substance * * * *" Under the general attempt statute, NMSA 1978, Section 30–28–1 (Repl.Pamp.1984), "[a]ttempt to commit a felony consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." Defendant argues that without possession there can be no intent to distribute. We disagree.

█ The package containing cocaine was addressed to defendant and he attempted to pick up the package on three different occasions. It is reasonable to infer that defendant intended to possess the package based on the fact that it was addressed to him and he tried to pick up the package. Defendant does not dispute that the amount of cocaine found in the package was inconsistent with personal use. Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use. *See State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983); *State v. Quintana*, 87 N.M. 414, 534 P.2d 1126 (Ct.App.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

█ Based on the amount of cocaine found in the package, it may be inferred that defendant intended to distribute the cocaine. Defendant failed to effect the crime of possession with intent to distribute because he never actually possessed the package. Nevertheless, the fact that defendant never actually possessed the package does not negate his intent to possess the package, as evidenced by defendant attempting to pick up the package, nor does it negate his intent to distribute the cocaine, as is evidenced by the amount of cocaine found in the package. Therefore, it is possible for a person to intend to possess a controlled substance and further to intend to distribute that controlled substance without the person actually possessing the controlled substance.

Defendant argues that one cannot attempt to have an intent. Defendant is not

charged with attempted intent to distribute, but with attempted possession with intent to distribute. The attempt in this case is the attempt to possess the cocaine. As illustrated above, the attempt to possess the cocaine can be inferred from defendant's attempt to pick up the package and the intent to distribute can be inferred solely from the amount of cocaine.

Arguing against his conviction for attempted trafficking, defendant points out that other jurisdictions have specific legislative enactments proscribing attempted trafficking. Although New Mexico has no specific statute proscribing attempted trafficking, our supreme court has applied the general attempt statute to the offense of trafficking cocaine by distribution. *See State v. Lopez*, 100 N.M. 291, 669 P.2d 1086 (1983). Since defendant can intend to distribute a controlled substance without actually possessing the substance, we see no reason why the general attempt statute should not be applied to the offense of trafficking by possession with intent to distribute.

2. *Constitutionality of Section 30–31–20(A)(3)*

Defendant contends that Section 30–31–20(A)(3) has been applied in an overbroad and unconstitutional manner. A statute is unconstitutionally overbroad if it not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected. *State v. Gattis*, 105 N.M. 194, 730 P.2d 497 (Ct.App.1986). Defendant has failed to show that Section 30–31–20(A)(3) sweeps within its ambit actions that would ordinarily be deemed to be constitutionally-protected activities.

Based on the reasons stated above, we affirm defendant's convictions.

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.