828 P.2d 971

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Paul HUBBARD, Defendant–Appellant.**

No. 12650.

Court of Appeals of New Mexico.

Jan. 31, 1992.

Certiorari Denied March 10, 1992.

Tom Udall, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

Defendant appeals his conviction for trafficking cocaine and the enhancement of his sentence as a habitual offender. Defendant raises the following issues on appeal: (1) whether there was insufficient evidence to convict him for trafficking cocaine, and (2) whether the trial court erred in enhancing his sentence under both the

Controlled Substances Act (CSA) and the general habitual-offender statute. We affirm.

FACTS

Police officers arrived at defendant's residence to search it pursuant to a valid search warrant. The officers ordered defendant to empty his pockets. From his right front pocket, defendant removed a clear plastic bag that contained approximately eighteen grams of cocaine. Officers recovered other items from the residence during their search, including a set of scales, a mirror with a straw, approximately $419 in cash consisting of bills in small denominations, and a slip of paper containing several names. As a result of the evidence obtained in the search, defendant was arrested and charged with possession of cocaine with intent to distribute pursuant to NMSA 1978, Section 30–31–20 (Repl.Pamp.1989).

Defendant was tried before the court without a jury. Detective Fred Hill, a narcotics officer employed by the Roswell Police Department, was the state's chief witness. Detective Hill testified that the amount of cocaine found on defendant's person, eighteen grams, was not an amount of drugs that a casual or regular user would have readily available. In response to a question from the court, Detective Hill testified that it was unreasonable for a cocaine addict to possess eighteen grams of cocaine. Detective Hill further stated that heavy cocaine users support their habits by drug dealing, burglarizing, and shoplifting. Detective Hill testified that, in his experience as a police officer, the small denominations of the bills seized at defendant's residence indicated that the cash would be used to make change for narcotics sales or that defendant had made drug sales.

On cross-examination, Detective Hill stated that the officers conducting the search at defendant's residence did not find any materials to package cocaine, such as plastic bags or "bindles," and that no substance usually used to cut cocaine was found. Detective Hill also stated that, although he has seen all types of scales used by drug dealers, the scale found at defendant's residence "would not impress other drug dealers."

Defendant testified on his own behalf. He admitted that he was a cocaine addict and that his habit involved ingesting as much of the drug as possible without stopping. Defendant's sister, Sandra Smith, testified that at the time of her brother's arrest he was sick and addicted to cocaine. According to Ms. Smith, defendant's attempts to conquer his cocaine addiction faltered after his daughter's accidental death in 1989. The court found defendant guilty of trafficking cocaine.

Following defendant's conviction, the state filed a supplemental criminal information alleging that defendant was a habitual criminal offender and requesting that defendant's sentence be enhanced under both NMSA 1978, Section 31–18–17 (Repl.Pamp. 1990), the general habitual-offender statute, and Section 30–31–20, the CSA. Defendant admitted to having two prior felony convictions. Defendant's first conviction was in 1981, for felony possession of marijuana. However, defendant's second felony conviction was actually two convictions for separate crimes committed in 1988. Specifically, in 1988, defendant was convicted for trafficking cocaine and for possessing marijuana with intent to distribute. The two convictions resulted from an arrest in which defendant possessed both types of controlled substances.

As a result of defendant's prior conviction for trafficking cocaine, the trial court sentenced defendant as a first degree felon under the enhancement provisions of Section 30–31–20(B)(2). In addition, the trial court enhanced defendant's sentence by four years under Section 31–18–17(C), due to defendant's two prior felony convictions involving marijuana.

SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was only sufficient evidence to convict him of possession of cocaine, and insufficient evidence to support a conviction for trafficking. In analyzing the sufficiency of the evidence issues, the inquiry is whether substantial evidence exists of either a direct or circumstantial nature to support a verdict

of guilty beyond a reasonable doubt with respect to each essential element of a crime charged. *State v. Duran*, 107 N.M. 603, 762 P.2d 890 (1988). Substantial evidence is defined as that evidence which is acceptable to a reasonable mind as adequate support for a conclusion. *State v. Sparks*, 102 N.M. 317, 694 P.2d 1382 (Ct.App.1985). In reviewing a judgment of conviction, we view the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all reasonable inferences therefrom in the light most favorable to the judgment. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). We do not reweigh the evidence and may not substitute our judgment for that of the fact finder. *Id.*

Defendant argues that the state failed to prove that he intended to transfer the cocaine to another. Intent to distribute may be inferred when the amount of controlled substance possessed is inconsistent with personal use. *State v. Curry*, 107 N.M. 133, 753 P.2d 1321 (Ct.App.1988). Intent may be proved by inference from surrounding facts and circumstances, such as quantity and manner of packaging of the controlled substance. *State v. Muniz*, 110 N.M. 799, 800 P.2d 734 (Ct.App.1990).

Viewing the evidence in the light most favorable to the verdict, we hold that there was sufficient evidence to support defendant's conviction for trafficking by possession with intent to distribute cocaine. Detective Hill's testimony constitutes evidence from which a reasonable mind could infer that defendant intended to transfer cocaine to another. *See State v. Muniz; State v. Sparks.*

Defendant argues that, because Detective Hill's testimony was evasive and vague at times, the trial court erred in relying on it to prove defendant's guilt. It is for the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony. *See State v. Polsky*, 82 N.M. 393, 482 P.2d 257 (Ct.App. 1971), *cert. denied*, 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972).

Defendant argues at length that it is what the police did not find at his residence that proves his innocence on the trafficking charge. Defendant contends that, because police did not find items that he could use to package cocaine for sale, or did not find any substance with which he could dilute cocaine, there was insufficient evidence to convict him of trafficking. Defendant misconstrues the function of appellate review by this court. Our role is only to determine whether substantial evidence exists to support the conviction and not whether evidence exists to support an opposite result. *See State v. Anderson*, 107 N.M. 165, 754 P.2d 542 (Ct.App.1988). Defendant's contention, relying on *Herron v. State*, 111 N.M. 357, 805 P.2d 624 (1991), that the evidence here is equally consistent with two hypotheses and therefore tends to prove neither, is answered by *State v. Madrid*, 83 N.M. 603, 495 P.2d 383 (Ct.App. 1972). The finder of fact having resolved the credibility and weight of the evidence, he necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence. *See id.*

In his reply brief, defendant cites our recent decision in *State v. Becerra*, 112 N.M. 604, 817 P.2d 1246 (Ct.App.1991), to support his proposition that the state presented insufficient evidence to support a finding that the amount of drugs found on defendant's person was inconsistent with personal use. Defendant's reliance on *Becerra* is misplaced. In *Becerra*, the state presented no testimony that the amount of cocaine possessed by the defendant was inconsistent with personal use. We therefore concluded in *Becerra* that the state had failed to prove the intent-to-transfer element. *See State v. Muniz.*

The present case is distinct from *Becerra*. As stated above, Detective Hill testified to numerous facts to support an inference that defendant intended to transfer the drug to others. Contrary to defendant's assertions that the detective did not give a basis for his opinion, Detective Hill testified that his conclusions concerning the items found at defendant's residence and the amount of drugs found on defendant's person were based on his profession-

al experience as a narcotics officer. Thus, the facts upon which reversal was based in *Becerra* do not exist in the present case.

■ Defendant's final argument on the sufficiency issue is that this court should adopt a specific test, either indicating what amount of drugs must be found in order to charge an accused with the crime of trafficking, or listing what factors are relevant to the determination. However, contrary to defendant's assertions, we believe present New Mexico cases adequately provide a test for what constitutes an "intent to transfer" drugs according to New Mexico law. While we are cognizant of defendant's concern that small amounts of drugs are sometimes the basis for trafficking prosecutions, we believe that the "surrounding circumstances" test protects against the concern articulated by defendant. If the amount of an illegal drug found in an accused's possession is not by itself sufficient to prove inconsistency with personal use, *see, e.g., State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983) (twenty-two pounds of cocaine), then the state must present testimony that the amount of drugs in the accused's possession is inconsistent with personal use or that the other items found in possession of the accused, such as drug paraphernalia or significant sums of cash, show that the accused intends to transfer drugs. *See State v. Becerra; see also State v. Bejar*, 101 N.M. 190, 679 P.2d 1288 (Ct.App.1984) (even though defendant possessed very small amount of heroin, other evidence seized was sufficient to support possession with intent to distribute conviction).

## ENHANCEMENT OF DEFENDANT'S SENTENCE

The parties do not dispute that it was proper for the trial court to utilize defendant's 1981 conviction for the purpose of enhancing his sentence under the general habitual-offender statute. Defendant does argue, however, that it was inappropriate for the trial court to use both 1988 convictions, one to enhance his sentence under the general habitual-offender statute and the other to enhance his sentence under the CSA. Defendant argues that enhancement under the CSA is more specific than enhancement under the general habitual-offender statute and, therefore, defendant's sentence may be enhanced only under the CSA. Defendant contends that the trial court's enhancement of his sentence is in violation of the principles articulated in *State v. Linam*, 93 N.M. 307, 600 P.2d 253, *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), and *State v. Haddenham*, 110 N.M. 149, 793 P.2d 279 (Ct.App. 1990). For the reasons discussed below, we reject defendant's arguments and affirm the trial court's enhancement of defendant's sentence.

■ The present case is distinct from *Haddenham* in that the state did not seek "double use" of any of defendant's prior convictions. Defendant in the present case was convicted of three felonies prior to the trafficking conviction that is the subject of this appeal. Pursuant to the CSA, the trial court utilized one of defendant's 1988 convictions, the one for trafficking, to enhance defendant's 1990 trafficking conviction to a first degree felony. *See* § 30–31–20(B)(2). The trial court then utilized the other 1988 conviction, for possession of marijuana with intent to distribute, and his 1981 conviction, for felony possession of marijuana, to enhance defendant's sentence by four years under the general habitual-offender statute. *See* § 31–18–17(C). Thus, in the present case, there was no "double use" of the same crime to enhance defendant's sentence as discussed in *Haddenham*. Because the trial court did not use any conviction twice to enhance defendant's sentence, the trial court was not required to enhance defendant's sentence under the more specific enhancement provision contained in the CSA. *See State v. Haddenham*. Additionally, some of the cases on which defendant relies, *e.g., State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966), were decided prior to the time the general habitual-offender statute was amended to provide for enhancement of sentences for felonies "whether within the Criminal Code or the Controlled Substances Act or not." Section 31–18–17(C).

We find the present case more analogous to *State v. Calvillo,* 112 N.M. 140, 812 P.2d 794 (Ct.App.1991). In *Calvillo,* the defendant was previously convicted of burglary and battery on a peace officer in 1986. The crimes occurred on different dates but were disposed of in the same judgment and sentence. The defendant was then convicted in 1990 for being a felon in possession of a firearm. We determined in *Calvillo* that nothing prohibited the state from using one prior felony to enhance under the felon-in-possession statute and using the other felony to enhance under the general habitual-offender statute, even though the felonies were obtained in the same judgment and sentence.

The present case warrants no different result. We recognize that the defendant's two prior crimes in *Calvillo* were committed on two different dates and were clearly separate occurrences. In contrast, the two 1988 crimes of which defendant was convicted in the present case resulted from the same arrest. However, even though the 1988 crimes were committed at the same time, each was a separate and distinct crime with different elements. *See State v. Smith,* 94 N.M. 379, 610 P.2d 1208 (1980) (defendant could be separately convicted and sentenced for four counts of possession with intent to distribute four drugs that were all possessed at the same time). Thus, while *Calvillo* is different from the present case on this point, it does not support reversal. Moreover, in addition to deterring criminal recidivism generally, the CSA enhancement provision serves to deter the trafficking of controlled substances by previously convicted drug traffickers. Thus, similar to *Calvillo,* both of defendant's 1988 convictions are held *in terrorem* over him for the separate and distinct purposes of generally deterring his criminal recidivism, and keeping convicted traffickers from selling controlled substances again.

We are unaware of any legislative intent indicating otherwise. Specifically, we are not persuaded by defendant's argument that the requirement of conviction/commission sequence was violated in this case. *See State v. Linam; see also* § 31–18–17(C) (prior convictions need to be part of separate transaction or occurrence). For the purpose of the four-year, general habitual-offender act enhancement, the 1989 crime on which conviction in this case was based occurred after the 1988 conviction, the crime of which in turn was committed after the 1981 conviction.

In short, each enhancement was supported by the statutory authority on which the state relied, and we find nothing precluding either enhancement in our law. Accordingly, defendant's judgment and sentence are affirmed.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.