This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38085**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EUGENE ALBERT GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant, Eugene Gutierrez, appeals his convictions for trafficking, contrary to NMSA 1978, Section 30-31-20 (2006). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition and motion to amend the docketing statement. We remain unpersuaded that our initial proposed disposition was incorrect. Additionally, Defendant has not raised any viable issues in his motion to amend the docketing statement. We therefore deny the motion to amend and affirm.

**{2}** Defendant continues to argue that the evidence was insufficient to support his conviction for trafficking heroin. [MIO 19-23] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the factfinder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{3}** In order to convict Defendant of trafficking heroin, the State was required to prove (1) Defendant had heroin in his possession, (2) Defendant knew it was heroin, and (3) Defendant intended to transfer it to another. [RP 102, 104] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-3104 NMRA; § 30-31-20 (A)(3) (setting out the elements of trafficking by possession with intent to distribute).

**{4}** In his memorandum in opposition, Defendant argues that the evidence was insufficient to support his conviction for trafficking heroin because the State failed to prove that the 4.89 grams of heroin recovered from Defendant's vehicle was inconsistent with personal use, and therefore, intent to transfer the heroin cannot be inferred. [MIO 20-21] *See State v. Curry*, 1988-NMCA-031, ¶ 7, 107 N.M. 133, 753 P.2d 1321 ("Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use."). Defendant relies on this Court's opinion in *State v. Becerra*, 1991-NMCA-090, 112 N.M. 604, 817 P.2d 1246, in which we held that the jury could not infer the defendant's intent to distribute the 55.53 grams of cocaine based on the amount alone because there was no evidence of the concentration of the drug or how long it would take a single user to consume that quantity. *Id.* ¶¶ 8, 22-23.

**{5}** We do not find *Becerra* apposite, however, because in this case, the State did not rely on the quantity of heroin to prove Defendant's intent to transfer. Rather, the State introduced evidence separate from the amount of heroin supporting an inference that Defendant intended to transfer the drugs in his possession. Officer Hernandez testified that she recovered materials commonly used in the packaging and sale of narcotics from the bag in Defendant's vehicle containing the methamphetamine and heroin, including two scales, spoons used to measure drugs, and plastic baggies.[RP 127-134] This evidence, apart from the quantity of heroin, was sufficient to allow the jury to infer Defendant's intent to transfer. *See State v. Zamora*, 2005-NMCA-039, ¶ 24, 137 N.M. 301, 110 P.3d 517 (explaining that testimony presented regarding the quantity of crack cocaine, packaging, and scales was sufficient to establish trafficking by possession with intent to distribute); *State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971 (stating that intent to distribute a controlled substance may be inferred by surrounding facts and circumstances including the manner of packaging of

the controlled substance); *see also State v. Brenn*, 2005-NMCA-121, ¶ 24, 138 N.M. 451, 121 P.3d 1050 ("Intent is usually established by circumstantial evidence.").

**{6}** Defendant argues that the evidence of the scales, plastic baggies, and the spoons are only relevant to whether Defendant trafficked methamphetamine because they were found in the same bag as the methamphetamine, while the heroin was found in a separate package. Defendant argues that the only logical conclusion from this is that the methamphetamine was for trafficking while the heroin was for personal use.

**{7}** We disagree. Officer Hernandez' testimony was that the heroin was discovered in a separate bag within the larger bag containing the methamphetamine, scales, spoons, and baggies. We do not believe that the fact that the heroin was kept in a separate container within the larger bag compels a determination that the heroin was for personal use. Moreover, two scales and multiple spoons were recovered along with the narcotics, and the jury could reasonably infer that the duplicate items were intended for aiding in the sale of the methamphetamine and heroin, respectively. *See Cunningham*, 2000-NMSC-009, ¶ 26 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

**{8}** Defendant next argues, pursuant to a motion to amend the docketing statement, that his right to be free from double jeopardy was violated and that he received ineffective assistance of counsel. *See* Rule 12-208(F) NMRA (providing that the Court may allow an amendment of the docketing statement upon a showing of good cause). For the following reasons, we deny Defendant's motion to amend, as the issues raised are not viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that an essential requirement for allowance of a motion to amend the docketing statement is that the issue raised is viable), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. We consider each argument in turn.

**{9}** Defendant argues that his right to be free from double jeopardy was violated by his two convictions under Section 30-31-20(A) (trafficking of controlled substances). Specifically, Defendant argues that his singular act of possessing both heroin and methamphetamine cannot give rise two charges. [MIO 24]

**{10}** We disagree. "Double Jeopardy protects against multiple punishments for the same offense." *State v. Silvas*, 2015-NMSC-006, ¶ 8, 343 P.3d 616. "A double jeopardy challenge is a constitutional question of law which we review de novo." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747. Defendant's claim raises a "unit of prosecution" issue. *See State v. Melendrez*, 2014-NMCA-062, ¶ 6, 326 P.3d 1126 (stating that a "unit of prosecution" double jeopardy case is one in which the defendant is charged with multiple violations of the same statute).

**{11}** In considering a unit of prosecution claim, we first examine "whether the [L]egislature intended punishment for the entire course of conduct or for each discrete

act." *Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223. "To determine the Legislature's intent with respect to the unit of prosecution for a criminal offense, . . . we review the statutory language for guidance on the unit of prosecution." *State v. Ramirez*, 2018-NMSC-003, ¶ 47, 409 P.3d 902 (internal quotation marks and citations omitted). "The plain language of the statute is the primary indicator of legislative intent." *State v. Olsson*, 2014-NMSC-012, ¶ 18, 324 P.3d 1230. "If the unit of prosecution is clear from the language of the statute, the inquiry is complete." *Swick*, 2012-NMSC-018, ¶ 33.

**{12}** Here, we believe that the unit of prosecution is clear from the language of the statute. Section 30-31-20(A)(3)(a) prohibits the trafficking of "a controlled substance enumerated in Schedule I or II that is a narcotic drug" and so expressed the prohibited act using a singular noun. *See Ramirez*, 2018-NMSC-003, ¶ 53 ("It is well established— so much so that the proposition is repeatedly expressed in non-precedential opinions— that where a statute prohibits the doing of some act to a victim specified by a singular noun, 'a person' for example, then 'the person' is the unit of prosecution."). *Cf. State v. Tidey*, 2018-NMCA-014, ¶ 10, 409 P.3d 1019 (stating that there is "no clear indication of a unit-of-prosecution in the statute" when "paraphernalia" could be singular or plural in statute prohibiting possession of paraphernalia). We also have non-precedential authority in which we determined that the Legislature has defined the unit of prosecution in Section 30-31-20(A)(3) as the number of different controlled substances possessed. *See State v. Chavez*, No. A-1-CA-35504, mem. op. ¶ 14 (N.M. Ct. App. Nov. 26, 2018) (non-precendential); *see also State v. Borja-Guzman*, 1996-NMCA-025, ¶ 13, 121 N.M. 401, 912 P.2d 277 (analyzing Section 30-31-20(A) and concluding that "[t]he various means of trafficking . . . evinces a legislative intent to authorize prosecution and punishment for each separate transfer of a controlled substance").

**{13}** We therefore conclude that Defendant's right to be free from double jeopardy was not violated by his separate convictions under Section 30-31-20(A).

**{14}** Lastly, Defendant argues that he received ineffective assistance of counsel in this matter when his attorney failed to file a motion to suppress. Defendant argues that his attorney should have sought suppression of the evidence recovered from his vehicle on the basis that police did not have reasonable suspicion to stop him. [MIO 8-18] "A prima facie case of ineffective assistance of counsel requires that a defendant establish that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Cordova*, 2014-NMCA-081, ¶ 9, 331 P.3d 980 (internal quotation marks and citation omitted). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068.

**{15}** The record indicates that Defendant was stopped because his vehicle matched the description of a vehicle involved in a drive-by shooting a month earlier. [RP 4] Defendant argues that this was akin to a BOLO (be on the lookout) advisory, but that

reliance on a BOLO was insufficient to support reasonable suspicion because the BOLO was over a month old and only supplied the color, make, and model of the vehicle. [MIO 15]

**{16}** Defendant relies on the description of events contained in the affidavit for arrest warrant and posits that the information contained therein constitutes the entirety of the information known to the officer regarding similarities between Defendant's vehicle and the vehicle involved in the shooting. We first note that, according to the affidavit for arrest warrant, the officer also observed that Defendant's vehicle had a missing tailgate, which was also a feature of the wanted vehicle. [RP 4] Accordingly, we reject Defendant's argument that the officer relied solely on the make, model, and color of the vehicle in stopping Defendant in relation to the BOLO and that there were no distinguishing features relevant to the vehicle. [MIO 16]

**{17}** Moreover, the affidavit for arrest warrant does not necessarily contain a complete statement of the factual basis underlying the officer's decision to stop Defendant in relation to the BOLO, and Defendant cites to no authority in support of such a proposition. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that, absent cited authority to support an argument, we assume that no such authority exists). We therefore conclude that Defendant's claim of ineffective assistance of counsel is more properly addressed in a habeas proceeding where a complete factual record can be developed. *See Crocco*, 2014-NMSC-016, ¶ 24 (stating that the defendant's ineffective assistance of counsel claim was more properly brought in a habeas proceeding because the record was inadequate regarding the necessary facts for a suppression motion); *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that if the record does not establish a prima facie case of ineffective assistance of counsel, the defendant must pursue the claim in a habeas corpus proceeding).

**{18}** For these reasons, we deny the motion to amend the docketing statement and affirm Defendant's convictions.

**{19}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**