This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38013

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**WADE WILLIS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Associate Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for receiving stolen property and trafficking methamphetamine. We issued a second notice of proposed summary disposition proposing to affirm in part and reverse in part. Defendant has filed a memorandum in opposition to our proposed summary affirmance, and the State has responded indicating that it does not oppose our proposed reversal. For the reasons that follow, we are not persuaded by Defendant's argument that his conviction for trafficking was not

supported by sufficient evidence, and we therefore affirm. We reverse Defendant's conviction for receiving stolen property.

**{2}** Defendant continues to argue that the State presented insufficient evidence to convict him of trafficking. [MIO 16] We have already set out the relevant background information in the notice of proposed summary disposition, and we understand there to be no factual dispute. We therefore will avoid unnecessary repetition, and refer only to the evidence and testimony relevant to our analysis.

**{3}** The test for sufficiency of the evidence "is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. In reviewing the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* "Where . . . a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal." *Id.*

**{4}** In order to convict Defendant of trafficking methamphetamine, the State was required to prove beyond a reasonable doubt that on or about December 8, 2016, (1) Defendant had methamphetamine in his possession, (2) Defendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law, and (3) Defendant intended to transfer it to another. [RP 140] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* NMSA 1978, § 30-31-20(A)(3) (2006) (defining trafficking controlled substances by possession with intent to distribute).

**{5}** Defendant only challenges the sufficiency of the evidence to prove that he intended to distribute the methamphetamine. [MIO 16] Specifically, Defendant argues that the State presented no direct evidence that Defendant had engaged in drug sales. In this case, however, there was expert witness testimony that the quantity of methamphetamine recovered was consistent with trafficking. *See State v. Curry*, 1988-NMCA-031, ¶ 7, 107 N.M. 133, 753 P.2d 1321 ("Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use."). Additionally, there was evidence that police recovered scales, plastic bags, and a ledger during the search of the property. [MIO 3] *See State v. Zamora*, 2005-NMCA-039, ¶ 24, 137 N.M. 301, 110 P.3d 517 (explaining that testimony presented regarding the quantity of crack cocaine, packaging, and scales was sufficient to establish trafficking by possession with intent to distribute); *State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971 (stating that intent to distribute a controlled substance may be inferred by surrounding facts and circumstances including the manner of packaging of the controlled substance); *see also State v. Brenn*, 2005-NMCA-121, ¶ 24, 138 N.M. 451, 121 P.3d 1050 ("Intent is usually established by circumstantial

evidence."). This evidence is sufficient to permit a jury to infer Defendant's intent to distribute the methamphetamine.

**{6}** Defendant also argues that the discovery of methamphetamine worth more than $40,000, when contrasted with his modest living conditions, suggested that he was not profiting from drug sales. [MIO 16] However, as explained in the first notice of proposed summary disposition, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a defendant's] version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also Sutphin*, 1988-NMSC-031, ¶ 21 (recognizing that the fact-finder may reject the defendant's version of the incident). Therefore, evidence of an apparent disparity between Defendant's living conditions and the living conditions that one might expect would be enjoyed by persons engaged in selling drugs in the quantity discovered here is not a basis for reversal. *See State v. James*, 1989-NMCA-089, ¶ 11, 109 N.M. 278, 784 P.2d 1021 ("The question is not whether substantial evidence would have supported an opposite result but whether such evidence supports the result reached.").

**{7}** In our second notice of proposed summary disposition, we proposed to reverse Defendant's conviction for receiving stolen property on the basis that the State did not present sufficient evidence to establish that Defendant knew or believed that the property in question was stolen. *See* NMSA 1978, § 30-16-11 (2006) (setting out the elements of receiving stolen property). The State does not oppose this proposed disposition, and we therefore reverse for the reasons set out in the notice. As we reverse on this basis, we do not reach Defendant's argument that it was plain error for the district court to allow hearsay evidence regarding the theft of the stolen property.

**{8}** Accordingly, we affirm Defendant's conviction for trafficking and reverse his conviction for receiving stolen property. We therefore remand this case to the district court for entry of an amended judgment and sentence in accordance with this opinion.

**{9}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**