This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38799**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DANNY A. PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** A jury convicted Defendant, Danny Padilla, of tampering with evidence, driving under the influence, and trafficking methamphetamine. On appeal, Defendant argues that (1) trial counsel was ineffective for failing to challenge the sufficiency of a search warrant affidavit; and, (2) sufficient evidence did not support his convictions for drug trafficking or tampering with evidence. We address each issue in turn and affirm.

**{2}** This nonprecedential memorandum opinion is issued solely for the benefit of the parties. Given the parties' presumed familiarity with the factual background and proceedings in this case, we limit our factual discussion to that necessary to resolve any fact-bound issues presented by this appeal.

## DISCUSSION

### I. This Record Does Not Establish a Prima Facie Case for Ineffective Assistance of Counsel

**{3}** Defendant's ineffective assistance of counsel argument centers on whether his attorney fell below the standard of a reasonably competent attorney, because he did not file a motion to suppress evidence obtained pursuant to a search warrant for his residence. According to Defendant, the search warrant affidavit did not establish probable cause that evidence of drug trafficking would be found at his residence. The facts essential to review of the validity of a search warrant affidavit are limited to the four corners of the affidavit, which has been included in the record in the present case. *See State v. Williamson*, 2009-NMSC-039, ¶ 31, 146 N.M. 488, 212 P.3d 376 ("Our review is limited to the four corners of the search warrant affidavit."). New Mexico courts prefer for ineffective assistance of counsel claims to be "adjudicated in habeas corpus proceedings, rather than on direct appeal" because the record on direct appeal "may not adequately document the sort of evidence essential to a determination of a trial counsel's effectiveness." *State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 (internal quotation marks and citation omitted). Nevertheless, given the nature of Defendant's claim regarding the legality of the search warrant in this case, this Court has the necessary facts to evaluate the challenged affidavit and determine whether trial counsel's failure to file a suppression motion arising from the search warrant affidavit "fell below an objective standard of reasonableness." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted); *see State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (considering an ineffective assistance claim on direct appeal, because "the alleged deficiency and the claimed prejudice all occurred on the record at trial"). Because we determine that the search warrant affidavit sufficiently established probable cause to search Defendant's residence for evidence of trafficking, we need not consider Defendant's remaining ineffective assistance of counsel arguments.

**{4}** An issuing court's determination of probable cause "must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶¶ 1, 30 (instructing this Court to avoid invalidating a warrant "by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner" (internal quotation marks and citation omitted)). "Probable cause exists when there are reasonable grounds to believe that an offense has been or is being committed in the place to be searched." *Id.* ¶ 31 (internal quotation marks and citation omitted). Reviewing the affidavit as a whole and drawing all reasonable inferences therefrom, we conclude the affidavit provided a substantial basis to determine there was probable

cause that a search of Defendant's residence would uncover evidence of drug trafficking.

**{5}** In the affidavit, the officer asserted that based on the investigation and his own training and experience, he believed Defendant was "using and selling drugs and drug products from this address." The affidavit alleges that, prior to seeking the warrant, the officer personally observed (1) two bags of methamphetamine, weighing 11 and 4 grams, hidden on Defendant's person; and, (2) two cell phones, which the officer noted to be common with drug trafficking based on his training and experience. The officer described the 11-gram quantity as a "huge amount." From these facts, the issuing court could reasonably infer that the items found were not for personal use. *See State v. Curry*, 1988-NMCA-031, ¶ 7, 107 N.M. 133, 753 P.2 1321 ("Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use."); *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (describing a "reasonable inference" as "a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence" (alterations, internal quotation marks, and citation omitted)).

**{6}** The affidavit further reported another ongoing investigation and at least two crime stopper reports, which indicated that (1) Defendant was seen at his residence disposing of products used to produce methamphetamine; and (2) there was heavy traffic at Defendant's house at all hours. Although the reports of activity at the residence are undated and the informers unidentified, they provided further indication that manufacturing and/or distribution of methamphetamine were occurring at Defendant's residence. The evidence of current trafficking—the drug quantities and cell phone evidence found on Defendant's person—contemporaneously corroborate the reports related to Defendant's residence in a manner sufficient to raise a reasonable inference that the activity reported at the residence is ongoing. *See State v. Lopez*, 1982-NMCA-163, ¶ 6, 99 N.M. 791, 664 P.2d 989 (validating a search warrant affidavit that did not "specifically set forth" the credibility and factual basis for an informant, but corroborated the informant's information through other sources, including the affiant's observations); Rule 5-211(E) NMRA (requiring for probable cause that "there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished"). The officer's personal observations thus corroborated the other prior reports, which combined with the officer's training and experience, led to a reasonable inference that drug trafficking was currently happening at Defendant's residence. *See State v. Donaldson*, 1983-NMCA-064, ¶ 13, 100 N.M. 111, 666 P.2d 1258 (giving consideration "to the fact that affiant was a law enforcement officer, and to the effect of his experience and training, when determining the significance of his surveillance and observations in the context of probable cause").

**{7}** This Court resolves "doubtful or marginal cases of probable cause . . . by giving preference to the warrant." *State v. Gurule*, 2013-NMSC-025, ¶ 16, 303 P.3d 838. A common-sense reading of the affidavit provides a substantial factual basis to determine there was probable cause to believe a search of Defendant's residence would uncover evidence of drug trafficking. As a result, trial counsel's failure to file a motion to

suppress based on the insufficiency of the warrant affidavit was not objectively unreasonable. *See Lytle*, 2001-NMSC-016, ¶ 26 (defining the "deficiency in performance" inquiry as "whether defense counsel's representation fell below an objective standard of reasonableness" (internal quotation marks and citation omitted)). On this basis, Defendant therefore fails to establish a prima facie case for ineffective assistance of counsel. *See State v. Guerra*, 2012-NMSC-027, ¶ 23, 284 P.3d 1076 ("Failure to prove either prong of the test defeats a claim of ineffective assistance of counsel." (internal quotation marks and citation omitted)); *Cordova*, 2014-NMCA-081, ¶ 16 (noting that a defendant who cannot establish a prima facie case on direct appeal is not precluded from pursuing ineffective assistance of counsel in a habeas proceeding).

## II. Sufficient Evidence Supported Defendant's Convictions

{8}     Defendant challenges the sufficiency of the evidence supporting the jury's convictions for drug trafficking with intent to distribute methamphetamine and tampering with evidence. Applying the well-established standards for reviewing the sufficiency of the evidence, *see State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971, we affirm Defendant's convictions.

### A. The Evidence Supported Defendant's Conviction for Trafficking by Possession With Intent to Distribute

{9}     Defendant argues that the evidence did not establish that he intended to transfer methamphetamine to another, *see* UJI 14-3111 NMRA, because he maintains that the testifying officers were equivocal about whether the drug evidence indicated personal use, manufacturing, or distribution and certain evidence was not found at Defendant's residence. As an initial matter, this Court does not consider the items not found by law enforcement—"[o]ur role is only to determine whether substantial evidence exists to support the conviction and not whether evidence exists to support the opposite result." *Hubbard*, 1992-NMCA-014, ¶ 12. Otherwise, viewing the evidence in the light most favorable to the verdict, the evidence at trial supported the jury's verdict. *See id.* ¶ 8.

{10}    Officer Mann testified that the items located at Defendant's residence after the search warrant was executed were consistent with the manufacture and sale of drug products and specifically, that the multiple unused syringes were inconsistent with personal use. Other items recovered at Defendant's residence, including a digital scale with residue, butane lighters, and lighter fluid, are used in the manufacture of methamphetamine. Officer Dale, Officer Mann's supervisor, testified that (1) 12 to 15 grams is a substantial amount of methamphetamine and consistent with drug trafficking or selling; and, (2) based on the items recovered from Defendant's residence, Defendant was a "user/dealer." The drug-quantity evidence, together with the officer's testimony, was sufficient for a reasonable mind to conclude that Defendant had an intent to distribute. *See id.* ¶ 15 (observing that intent to distribute may be proved by a large quantity, testimony that the quantity is inconsistent with personal use, or testimony that other items found demonstrate an intent to transfer drugs); *Curry*, 1988-NMCA-031,

¶ 7 (permitting an inference of intent to arise from quantities inconsistent with personal use). The evidence therefore supported Defendant's conviction for trafficking by possession with intent to distribute methamphetamine.

## B. The Evidence Supported Defendant's Conviction for Tampering With Evidence

**{11}** Defendant also argues that the State failed to prove the tampering with evidence charge. " 'Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.' " *State v. Telles*, 2019-NMCA-039, ¶ 21, 446 P.3d 1194 (quoting NMSA 1978, § 30-22-5(A) (2003)). Defendant contends the evidence did not show that he "hid" physical evidence. We disagree.

**{12}** While waiting with Officer Mann at the hospital to take a blood alcohol test, Defendant stood up and began to walk forward, as if he were going to leave. Officer Mann grabbed Defendant's arm to stop him and heard a thud. Officer Mann looked down and saw a baggie coming out from Defendant's pant leg. As Officer Mann reached down, Defendant stepped on the baggie and prevented Officer Mann from retrieving it. Officer Mann had to push Defendant back into his chair in order to pick up the baggie, which contained a crystalized substance. Defendant argues that (1) the act of covering the baggie with his foot did not "hide" the baggie because Officer Mann retrieved it and Defendant did nothing to prevent its recovery; and, (2) the evidence supported only an attempt to tamper with evidence. The evidence, however, established a completed act of tampering. *See State v. Jackson*, 2010-NMSC-032, ¶ 9, 148 N.M. 452, 237 P.3d 032 ("The crime of tampering with evidence is complete the moment the accused commits the prohibited act with the requisite mental state, regardless of whether any subsequent police investigation does or even could materialize."), *overruled on other grounds by State v. Radosevich*, 2018-NMSC-028, ¶ 34, 419 P.3d 176.

**{13}** Defendant completed a prohibited act—hiding the bag by placing his foot over it—with the requisite mental state—to prevent apprehension, prosecution, or conviction related to the contents of the bag. *See id.*; § 30-22-5(A). Defendant defines the "act" of hiding as "to put of out sight" or "screen from or as if from view." When Defendant covered the baggie with his foot, he completed the act of putting the baggie out of sight or screening it from view. The baggie was not recovered until Officer Mann forced Defendant to sit and remove his foot from the baggie. We therefore reject Defendant's argument that the evidence established only attempted tampering with evidence. *See* UJI 14-2801 NMRA (including as an element of "attempt" that the defendant "began to do an act which constituted a substantial part of the [felony] but failed to commit the [felony]").

**{14}** The out-of-state cases Defendant cites do not persuade us otherwise because they involve different factual scenarios or different legal requirements. *See Anderson v.*

*State*, 123 P.3d 1110, 1118 (Alaska Ct. App. 2005) (determining that tossing evidence out of a car in view of the police did not constitute "removal," because the act did not "disguise the evidentiary value" of the items); *Commonwealth v. Delgado*, 679 A.2d 223, 225 (Pa. 1996) (describing the disposal of contraband in plain view of pursing officers as "nothing more than an abandonment[,]" which did not demonstrate the required intent or constitute an act rising to the level of "destruction" or "concealment"); *State v. Jones*, 2007-1052, p. 99, 102 (La. 6/3/08); 983 So.2d 95 (holding that dropping drugs in the presence of officers satisfied the statute's requirement that the defendant knowingly "moved" evidence with the intent to affect an investigation, but observing that the jury likely convicted for attempt because the defendant was unsuccessful); *State v. Mendez*, 814 A.2d 1043, 1049 (N.J. 2002) (requiring a showing that evidence was permanently altered, lost, or destroyed in order to establish tampering with the evidence of a possessory crime); *People v. Parker*, 148 A.D.3d 1583, 1585 (N.Y. App. Div. 2017) (holding evidence legally insufficient to establish "an act of concealment" when the officers observed the defendant throw suspected bags of drugs on the floor); *A.F. v. State*, 850 So.2d 667, 668 (Fla. Dist. Ct. App. 2003) (concluding that the evidence supported only attempted tampering when a defendant could not complete swallowing a bag of marijuana and spit it up). Despite Officer Mann's presence when the baggie fell to the floor, Defendant deliberately used his foot to cover an item on the floor and refused to budge until the officer pushed him into the chair, in order to prevent the discovery or recovery of the baggie. *See Jackson*, 2010-NMSC-032, ¶ 16 (explaining that the tampering statute intends for "the proper focus [to] be on the accused's subjective, specific intent to blind or mislead law enforcement, regardless of whether his objective is ill-conceived, ultimately unsuccessful, or pertains to a separate criminal investigation").

**{15}** Because the evidence supported a conclusion that Defendant acted to hide the evidence with the requisite intent, the evidence supported the jury's verdict.

**CONCLUSION**

**{16}** For the reasons set forth above, we affirm Defendant's convictions.

**{17}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**