This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40364**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KODI R. PAYNE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**Sufficiency of Evidence to Support Trafficking Conviction**

**{2}** Defendant appeals from his conviction for possession with intent to distribute methamphetamine. "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Further, "appellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Slade*, 2014-NMCA-088, ¶ 13. (internal quotation marks and citation omitted).

**{3}** The jury instructions for possession with intent to distribute methamphetamine required the State to prove beyond a reasonable doubt that: (1) "[D]efendant had methamphetamine in his possession"; (2) "[D]efendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law"; (3) "[D]efendant intended to transfer it to another"; and (4) "This happened in New Mexico on or about the 7th day of May, 2019." [RP 282] Defendant challenges the sufficiency of the State's evidence to prove he intended to transfer methamphetamine to another. [BIC 7]

**{4}** The evidence presented at trial established that a search of Defendant's vehicle uncovered a large "plastic bag with a white crystalline substance from under the driver's seat," along with "aluminum foil with burn marks, a pipe, a lighter, a folded dollar bill, and a single small plastic baggie from the front passenger's seat," as well as "a suitcase containing a notebook and suboxone strips from the trunk." [BIC 4] Defendant points out that "no scale or other items associated with trafficking were found in the car." [BIC 4]

**{5}** In addition, the narcotics agent that conducted the investigation opined at trial "that the amount of substance seized in this case, assuming it was methamphetamine, was more consistent with trafficking than mere personal use. He opined that people with large amounts of drugs sell them[,]" and that "at $100/gram, [Defendant] could potentially sell the assumed methamphetamine for $9500." [BIC 4-5] The jury also heard expert testimony from the commander of the Otero County Sheriff's Office narcotics enforcement unit that "based on his training and experience the amount of methamphetamine seized in this case"—93.94 net grams—"was more consistent with trafficking than mere personal use, though it is common for traffickers to also be users." [BIC 5, 8] Forensic scientists from the Department of Public Safety's Forensic Laboratory provided testimony as to the weight identified above and that the substance in the bag was methamphetamine. [BIC 5]

**{6}** "Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use." *State v. Curry*, 1988-NMCA-031, ¶ 7, 107

N.M. 133, 753 P.2d 1321. Based on officer and expert testimony in this case that the amount was more consistent with trafficking than personal use, we conclude that there is sufficient evidence to support Defendant's conviction for trafficking.

**{7}** To the extent Defendant relies on *State v. Becerra*, 1991-NMCA-090, ¶¶ 21-23, 112 N.M. 604, 817 P.2d 1246, we are unpersuaded. Defendant asserts that this Court reversed a conviction for trafficking in *Becerra* that was "based entirely on amount where agents found 55.5 grams of cocaine." [BIC 10] Defendant relies on *Becerra*'s holding that "[i]t is clear that the conviction cannot be sustained on proof of illegal possession alone." *Id.* [BIC 10] However, in *Becerra*, this Court was concerned that the jury had been forced to rely on "'common knowledge' to determine if the amount was too much for personal use." *Id.* ¶ 23. In that case, the only expert testimony presented related to quantity was "the chemist's testimony that the great majority of samples he receive[d] [were] of much less quantity than what he was provided." *Id.* This Court held that

> [g]iven the expert's lack of personal knowledge concerning the circumstances in which cocaine he examines has been seized (and the fact that he was not permitted to testify on that subject), we cannot see how one can draw an inference—particularly an inference beyond a reasonable doubt—that the quantity here was more than for personal use.

*Id.* The testimony of both an agent and an expert that the amount of methamphetamine found in Defendant's possession was more consistent with trafficking than with personal use sets this case apart from *Becerra*.

**{8}** Furthermore, to the extent Defendant directs this Court to evidence that "tolerance plays a role in how much and for how long a person could consume a large amount of methamphetamine," [BIC 8] and that there was no additional evidence of trafficking—such as scales, baggies, or cash—such potentially contrary evidence was for the fact-finder to consider and weigh, and does not provide a basis for reversal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that the jury is free to reject the defendant's version of the facts). It was for the jury to resolve any conflicts and determine weight and credibility in the testimony, *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482, and we may not substitute our judgment for that of the fact-finder when there is sufficient evidence to support the verdict, *see State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**Lesser Included Jury Instruction**

**{9}** Defendant contends that the district court committed fundamental error by failing to instruct the jury on the lesser included offense of simple possession. Defendant acknowledges that this issue was not preserved below. [BIC 12]

**{10}** Rule 5-608(D) NMRA requires that to preserve error concerning a "failure to instruct on any issue, a correct written instruction must be tendered before the jury is

instructed." Our Supreme Court has "recognized an exception to this rule when a court fails to instruct a jury on an essential element of an offense that is factually at issue"; however, it has "declined to apply the doctrine of fundamental error to a defendant's choice of whether to have the jury instructed on lesser included offenses." *State v. Foster*, 1999-NMSC-007, ¶ 54, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *see also State v. Boeglin*, 1987-NMSC-002, ¶ 15, 105 N.M. 247, 731 P.2d 943 ("We hold that, consistent with the constitutional guarantees of a fair trial, the defendant . . . may take his chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if he has gambled and lost."); *State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (stating that "[o]n appeal, we do not second-guess the tactical decisions of litigants" regarding their decision to pursue an "all-or-nothing" trial where "neither party requested instructions on any lesser[]included offenses"). To the extent Defendant relies on *State v. Baxendale*, 2016-NMCA-048, ¶¶ 20-21, 370 P.3d 813, for the principle that the courts bear some responsibility in ensuring proper instruction on a defendant's theory of the defense [BIC 14], *Baxendale* involved a self-defense instruction and, therefore, does not persuade this Court that we should deviate from our Supreme Court's approach in *Foster.* Therefore, consistent with *Foster*, we decline to review this issue.

**{11}** Based on the foregoing, we affirm.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**