This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39398

**STATE OF NEW MEXICO,**

>        Plaintiff-Appellee,

v.

**ISMAEL CORDOVA,**

>        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jim Foy, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     Defendant Ismael Cordova appeals his conviction for driving while under the influence of an intoxicating drug, contrary to NMSA 1978, Section 66-8-102(B) (2016). We affirm. Because this nonprecedential memorandum opinion is issued solely for the benefit of the parties, we limit our factual discussion to that necessary to resolve any fact-bound issues presented by this appeal.

### DISCUSSION

**{2}** On appeal, Defendant argues that (1) the district court abused its discretion in admitting expert testimony, and (2) sufficient evidence did not support his conviction for driving while under the influence of an intoxicating drug. We begin with the sufficiency of the evidence.

## I.    Sufficient Evidence Supported Defendant's Conviction

**{3}** Defendant challenges the sufficiency of the evidence supporting the jury's conviction for driving while under the influence of an intoxicating drug. Applying the well-established standards for reviewing the sufficiency of the evidence, *see State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971, we affirm Defendant's conviction. Defendant argues solely that "[t]he State failed to prove beyond a reasonable doubt that [he] was incapable of safely driving a vehicle." Because Defendant does not contest the other elements of Section 66-8-102(B), we do not consider them.

**{4}** The jury could reasonably conclude the following: Defendant failed to use his signal; Defendant admitted to using methamphetamine and that it made him "discoordinated"; Defendant's behavior was "fidgety" and he had "choppy" speech; after the officer described the walk and turn test and asked if Defendant had questions about the test, he responded, "that stuff" makes him "shivery," and the officer clarified that Defendant was referring to methamphetamine; and Defendant performed poorly on the field sobriety tests—and particularly could not focus or follow directions. *See State v. Storey*, 2018-NMCA-009, ¶ 48, 410 P.3d 256 (holding that it was the jury's role to evaluate the defendant's explanations for his vehicle swerving and poor performance on the field sobriety tests to determine whether the defendant was capable of safely driving a vehicle).

**{5}** Defendant suggests alternative interpretations of this evidence, but we decline to consider evidentiary inferences that support a result contrary to the jury's verdict. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."). Defendant additionally contends that a drug recognition expert (DRE) "should have been required in this case because of the lack of evidence that [Defendant] could not safely drive a vehicle." Defendant, however, despite admitting he was feeling the effects of methamphetamine, acknowledges that a DRE "is not required in every case" and does not point us to any case law supporting his argument that a DRE was required. We therefore assume no such authority exists. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Accordingly, we conclude there was substantial evidence to support the jury's verdict in the present case.

## II.    The Admission of Expert Testimony Was Harmless

**{6}** Defendant argues that Laura Lorenz was not qualified to testify about Defendant's ability to safely operate a motor vehicle. Defendant, however (1) does not specifically identify the portion of Lorenz's testimony that he contests on appeal; and (2) asserts only briefly that he was prejudiced by the admission of Lorenz's testimony, because "it was "expert" testimony that he was incapable of safely operating a motor vehicle because of the influence of methamphetamine, proving the second element of [driving while under the influence of an intoxicating drug]." The State, in relevant part, responds that even if it was error to admit Lorenz's testimony about Defendant's ability to safely operate a motor vehicle, the error was harmless, and Defendant makes no reply. As a result, we conclude that Defendant has failed to meet his burden on appeal to demonstrate prejudice resulting from the admission of Lorenz's testimony. *See State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 (noting that the "[d]efendant bears the initial burden of demonstrating that he was prejudiced by the error"); *State v. Barela*, 2019-NMCA-005, ¶ 29, 458 P.3d 501 (assessing whether the defendant met "the burden of demonstrating that he or she was prejudiced by" an evidentiary error).

**CONCLUSION**

**{7}** We affirm Defendant's conviction.

**{8}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**