This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40235

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RAMON LOZANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Ramon Lozano appeals his conviction, following a jury trial, for trafficking a controlled substance (by possession with intent to distribute) (NMSA 1978, § 30-31-20(A)(3) (2006)). Defendant raises a single claim of error on appeal—that he received ineffective assistance of counsel and was thus deprived of his right to a fair trial. We affirm.

## BACKGROUND

**{2}** A Roosevelt County Sheriff's Office deputy obtained a search warrant for Defendant's residence to search for a stolen fish tank and stand. Upon executing the warrant, law enforcement found and removed the fish tank and stand. While in Defendant's brother's (Brother) bedroom, law enforcement saw an AK-47 rifle and a large bag containing four bags of what appeared to be methamphetamine. The deputy then obtained a second search warrant for Defendant's residence to search for controlled substances, implements of drug trafficking, firearms, as well as other items. Law enforcement executed the second warrant and took the items seen in plain sight from Brother's bedroom and searched the rest of the residence. On the floor of Defendant's bedroom, law enforcement found a blue shirt, containing one package of what appeared to be methamphetamine and $174 in cash, and a jacket, containing four packages of what appeared to be methamphetamine. Defendant admitted that the blue shirt was his. Law enforcement also found a digital scale in a third bedroom, a police scanner in the garage, and surveillance cameras around the outside of the residence.

**{3}** At trial, State's Exhibit 2D, the four bags of suspected methamphetamine from Brother's bedroom weighing approximately 60 grams, was admitted into evidence, along with testimony that a sample from Exhibit 2D tested positive for methamphetamine. State's Exhibit 2A, the five bags of suspected methamphetamine from Defendant's bedroom weighing approximately 80 grams, was admitted into evidence, along with testimony that a sample from Exhibit 2A tested positive for methamphetamine. The State's expert in narcotics trafficking testified that the methamphetamine from Exhibit 2A (from Defendant's bedroom) was packaged in a manner consistent with trafficking. Concentrating on the amount of methamphetamine in Exhibit 2A, the expert testified that, in their opinion, this amount represented more than 300 "hits"[1] and was worth $7,800 if it was all sold at the typical price of $20 per hit. The expert also testified that in light of the circumstances, this amount was not consistent with personal use, but was instead consistent with trafficking. In its closing argument, the State focused on the methamphetamine found in Defendant's bedroom, arguing that it was a trafficking amount. Defense counsel in closing attempted to cast doubt on the honesty and integrity of the investigating deputy who obtained the search warrants. The jury convicted Defendant of trafficking methamphetamine.

## DISCUSSION

**{4}** We review claims of ineffective assistance of counsel de novo. *See State v. Montoya*, 2015-NMSC-010, ¶ 57, 345 P.3d 1056. Evidence establishing ineffective assistance is rarely found in the trial record. *See State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068. Thus, an ineffective assistance claim "should normally be addressed in a post-conviction habeas corpus proceeding, which may call for a new evidentiary hearing to develop facts beyond the record, rather than on direct appeal of a conviction." *Id.* (citation omitted). When the claim is nevertheless made on direct appeal,

---

[1]The expert testified that a "hit" is a "basic user amount of methamphetamine."

as here, we may remand the case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance. *Id.* ¶ 14.

**{5}**     To prove a prima facie case of ineffective assistance, "a defendant must establish that (1) counsel's performance was deficient, and (2) such deficiency resulted in prejudice against the defendant." *See State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057; *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44 (providing that the defendant bears the burden of demonstrating both deficient performance and prejudice). As for the first prong, deficient performance "only occurs if [counsel's] representation falls below an objective standard of reasonableness," and cannot "be justified as a trial tactic or strategy." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (alteration, internal quotation marks, and citation omitted); *see also State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134 (providing that to establish a prima facie case of ineffective assistance, a defendant must demonstrate that, inter alia, "no plausible, rational strategy or tactic explains counsel's conduct"). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). As for the second prong of a prima facie case of ineffective assistance, a defendant establishes prejudice "if, as a result of the deficient performance, there was a reasonable probability that the result of the trial would have been different." *Dylan J.*, 2009-NMCA-027, ¶ 38 (omission, internal quotation marks, and citation omitted).

**{6}**     Defendant argues that his trial counsel was ineffective in three ways: (1) counsel did not object to the admission of Exhibit 2D (the approximately 60 grams of methamphetamine found in Brother's bedroom); (2) counsel did not file a motion to suppress evidence found pursuant to the first search warrant; and (3) counsel did not request a jury instruction for the lesser included offense of possession of a controlled substance. For the reasons that follow, Defendant fails to make a prima facie case for any of his claims.

## I.     State's Exhibit 2D

**{7}**     Defendant argues that his trial counsel's failure to object to the admission of Exhibit 2D amounted to ineffective assistance of counsel. Defendant argues that this evidence "calls into question the jury's conclusion that [he] intended to distribute the methamphetamine" because the admission of Exhibit 2D nearly doubled the total amount of methamphetamine admitted into evidence at trial. Even if we assume that Defendant has satisfied the first prong of a prima facie case of ineffective assistance— that his counsel's performance was deficient—we conclude that he has failed to satisfy the second prong—that he was prejudiced by the admission of Exhibit 2D. *See State v. Cordova*, 2014-NMCA-081, ¶ 9, 331 P.3d 980 (assuming, without deciding, that the defendant demonstrated his counsel's performance was deficient and could not be

explained by a rational strategy or tactic, and concluding that the defendant failed to make a prima facie case because he did not establish he was prejudiced); *State v. Sloan*, 2019-NMSC-019, ¶ 34, 453 P.3d 401 (providing that "an appellate court may dispose of an ineffective assistance of counsel claim based wholly on the lack of prejudice to simplify the disposition").

**{8}** After the admission of Exhibit 2D, the State placed no emphasis on it. Instead, the State relied on the following to prove Defendant's guilt: Exhibit 2A (the approximately 80 grams of methamphetamine found in Defendant's bedroom); expert testimony that the packaging of the methamphetamine in Exhibit 2A was consistent with trafficking; expert testimony that the amount of methamphetamine in Exhibit 2A represented more than 300 "hits" and was worth $7,800; the presence of a digital scale, a police scanner, and surveillance cameras at Defendant's residence; and expert testimony that the foregoing evidence (exclusive of Exhibit 2D) was inconsistent with personal use of methamphetamine and was instead consistent with trafficking. *See State v. Hubbard*, 1992-NMCA-014, ¶¶ 2, 9, 10, 14, 113 N.M. 538, 828 P.2d 971 (providing that an "[i]ntent to distribute may be inferred" from the circumstances, such as the "quantity and manner of packaging a controlled substance" and whether "the amount . . . possessed is inconsistent with personal use;" and holding there was sufficient evidence to support the defendant's conviction for trafficking a controlled substance where the defendant was found with 18 grams of cocaine in his pocket, and scales, a mirror with a straw, and cash in small bills were found in his residence).

**{9}** Thus, even if Exhibit 2D had not been admitted into evidence, Defendant's trafficking conviction was independently and sufficiently supported by other evidence at trial and, as a result, the reliability of the verdict cannot reasonably be called into question. *See State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127 ("The prejudice must be of sufficient magnitude to call into question the reliability of the trial results."), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880; *State v. Howl*, 2016-NMCA-084, ¶ 25, 381 P.3d 684 (concluding that prejudice was established where "a legitimate question would exist as to whether the [s]tate could have proven the charges against [the d]efendant beyond a reasonable doubt" had the objectionable evidence not been admitted at trial). Accordingly, Defendant fails to establish the prejudice prong—that there was a reasonable probability the outcome of the trial would have been different had his trial counsel objected to the admission of Exhibit 2D. *See Dylan J.*, 2009-NMCA-027, ¶ 38.

## II.    Suppression Motion

**{10}** Defendant also argues that his trial counsel rendered ineffective assistance by failing to file a motion to suppress on the ground that the first search warrant lacked probable cause. *See State v. Mosley*, 2014-NMCA-094, ¶ 20, 335 P.3d 244 ("Where . . . the ineffective assistance of counsel claim is premised on counsel's failure to move to suppress evidence, [the d]efendant must establish that the facts support the motion to suppress and that a reasonably competent attorney could not have decided that such a motion was unwarranted." (internal quotation marks and citation omitted)). The affidavit

for the first search warrant was based principally on statements from an informant—the nephew of the victim of the stolen fish tank. Defendant, relying on the two-prong *Aguilar-Spinelli* test,[2] contends that the informant's credibility or veracity was not established in the affidavit. *See State v. Cordova*, 1989-NMSC-083, ¶ 6, 109 N.M. 211, 784 P.2d 30 (providing that under the *Aguilar-Spinelli* test, probable cause for a search warrant may be established by hearsay from an unnamed informant so long as facts contained in the affidavit establish the informant's "basis of knowledge" and "veracity").

**{11}** Given the affidavit for the first search warrant was supported by a named informant and information provided by that informant was corroborated,[3] the success of any motion to suppress based on *Aguilar-Spinelli* seems unlikely. *See Cordova*, 1989-NMSC-083, ¶ 6 (adopting the *Aguilar-Spinelli* test where an unnamed informant's hearsay is used to support probable cause for a search warrant); *State v. Dietrich*, 2009-NMCA-031, ¶ 12, 145 N.M. 733, 204 P.3d 748 ("When facts provided by an informer are independently corroborated, we accord greater weight to the informer's credibility. Identifying an 'informant' by name is a significant factor in determining the veracity or reliability of the information." (citation omitted)), *overruled on other grounds by State v. Marquez*, 2021-NMCA-046, ¶ 21 n.5, 495 P.3d 1150; *State v. Steinzig*, 1999-NMCA-107, ¶ 19, 127 N.M. 752, 987 P.2d 409 (providing that "a reasonable inference concerning the informant's reliability may be derived from the fact that a named informant has greater incentive to provide truthful information because [they are] subject to unfavorable consequences for providing false or inaccurate information to a greater degree than an unnamed or anonymous individual"), *abrogated on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. We, however, need not decide the matter. Even if we assume that the first search warrant lacked probable cause, Defendant has not demonstrated that his counsel's failure to make such a motion prejudicially affected him. *See Mosley*, 2014-NMCA-094, ¶¶ 20, 30; *see also Cordova*, 2014-NMCA-081, ¶ 9; *Sloan*, 2019-NMSC-019, ¶ 34. We explain.

**{12}** Defendant contends that his counsel's failure to file a motion to suppress prejudiced him because the grant of that motion "could have resulted in exclusion of all evidence obtained pursuant to the first search warrant," or, in other words, that "all evidence found pursuant to the initial search warrant could have been suppressed." According to Defendant, exclusion of this evidence would have "chang[ed] the outcome of this trial." This is the entirety of Defendant's prejudice argument.

**{13}** Defendant ignores the fact that the only items taken by law enforcement during the execution of the first search warrant were the stolen fish tank and stand. This evidence was not admitted into evidence and plainly did not prejudice Defendant in his

---

2*Aguilar-Spinelli* references two United States Supreme Court cases—*Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969).

3In particular, the victim confirmed that the informant's description of the fish tank at Defendant's residence matched her stolen tank. The informant also reported that Brother was at the residence, which was consistent with other reports to law enforcement that Brother had been living at the residence.

drug trafficking trial.[4] In the absence of a reasoned explanation for why the evidence seized during the execution of the second search warrant would have been excluded by a successful suppression motion related only to the first search warrant, Defendant fails to meet his burden that he was prejudicially affected by counsel's decision not to file such a motion. *See Mosley*, 2014-NMCA-094, ¶ 30; *see also State v. Jensen*, 2005-NMCA-113, ¶ 14, 138 N.M. 254, 118 P.3d 762 (denying an ineffective assistance of counsel claim where the defendant, inter alia, "offer[ed] no persuasive argument that . . . shows prejudice"); *State v. Candelaria*, 2019-NMCA-032, ¶ 48, 446 P.3d 1205 (providing that this Court will not "guess at what a party's arguments might be" (alteration, internal quotation marks, and citation omitted)); *State v. Garnenez*, 2015-NMCA-022, ¶ 15, 344 P.3d 1054 ("We will not address arguments on appeal that were not raised in the [briefing] and have not been properly developed for review.").

### III.    Lesser Included Offense Instruction

**{14}**    Finally, Defendant claims his trial counsel was ineffective for failing to request a lesser included offense instruction for simple possession. Specifically, Defendant contends, "The jury could have reasonably found that [he] only possessed the . . . methamphetamine found in his blue shirt, and it may have concluded [this] amount falls short of indicating an intent to distribute." We reject Defendant's contention because he fails to establish that his counsel's decision to forego a simple possession instruction was not based on sound trial strategy or tactics.

**{15}**    The decision not to request a lesser included offense instruction is typically considered a matter of trial strategy. *See State v. Baca*, 1997-NMSC-059, ¶¶ 26-27, 30, 124 N.M. 333, 950 P.2d 776. Defense counsel's trial strategy focused on attacking the credibility of the investigating deputy, who, counsel asserted, had been "accused of dishonesty and . . . stealing." In its answer brief, the State offers a tactical reason for defense counsel's decision to forego a simple possession instruction: "Defense counsel reasonably chose to focus on a vulnerable point in the State's case—the allegations of dishonesty against the initiating officer and case agent—rather than pursuing a 'mere possession' theory that the jury was sure to reject." *See id.* ¶ 30 ("[Defense] counsel might have reasonably concluded that a lesser-included-offense instruction would have weakened [the defense's] theory at trial or strengthened that of the prosecution."); *Jensen*, 2005-NMCA-113, ¶ 13 (providing that a prima facie case of ineffective assistance is unlikely to be met "where it is conceivable that counsel might elect as a matter of strategy not to request a lesser included instruction").

**{16}**    Defendant provides no responsive argument to the State's contention that there was a sound tactical or strategic reason not to request the simple possession instruction. In the absence of such an argument, Defendant fails to overcome the strong presumption that his trial counsel's decision to forego a lesser included offense instruction "might be considered sound trial strategy." *See Hunter*, 2006-NMSC-043, ¶

---

[4]Even if we were to construe Defendant's argument also to mean that the evidence observed in plain sight during the execution of the first search warrant—i.e., Exhibit 2D—would have been suppressed, we already have concluded that Defendant has failed to establish this evidence prejudiced him.

13 (internal quotation marks and citation omitted); *see also Jensen*, 2005-NMCA-113, ¶ 14 (denying a claim that counsel was ineffective for failing to request a lesser included offense instruction where the defendant, inter alia, "offer[ed] no persuasive argument that eliminates any conceivable and viable strategy or tactic"); *Bahney*, 2012-NMCA-039, ¶ 48 (providing that a defendant must demonstrate "no plausible, rational strategy or tactic explains counsel's conduct"). Defendant accordingly fails to establish his trial counsel's performance was deficient for failing to request a lesser included offense instruction.

**CONCLUSION**

**{17}** For the foregoing reasons, Defendant has failed to establish a prima facie case of ineffective assistance of counsel on the record before us, and we accordingly affirm his conviction. This decision does not preclude Defendant from pursuing his ineffective assistance of counsel claims in a habeas corpus or post-conviction proceeding. *See Bernal*, 2006-NMSC-050, ¶ 36.

**{18}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**