This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42369**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**STANLEY COX,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Defendant appeals from his conviction, following a jury trial, of trafficking a controlled substance (possession with intent to distribute), contrary to NMRA 1978, Section 30-31-20 (2006). [2 RP 329; DS 2] We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In our notice, we proposed to hold that sufficient evidence supported Defendant's conviction and, consequently, the district court did not err in denying Defendant's motion

for a directed verdict. [CN 4-6] In his memorandum in opposition, Defendant maintains that the evidence was insufficient, contending that the jury's verdict was premised on impermissible inferences regarding the elements of possession and knowledge. [MIO 5-7] As stated in our notice, the evidence presented at trial established that detention officer Lucero saw Defendant enter a cell with other inmates, and that upon turning on the cell's speaker, Lucero recognized Defendant's voice and heard Defendant say that "he was going to pull it out and clean it," which, based on his experience as a detention officer, Lucero understood to be in reference to drugs. [CN 4] Lucero alerted Sergeant Cardona as to what he saw, and Cardona then observed Defendant hand an item to another inmate, who then handed the item to a third inmate. [Id.] Cardona apprehended the third inmate, who placed a bag of chips on a nearby table. [Id.] Inside the bag of chips, Cardona found a paper packet of a clear crystal substance later determined to be methamphetamine. [Id.; 2 RP 315-16]

{3}     We are not persuaded that this evidence required the jury to support its findings with guess or conjecture, as Defendant contends. [MIO 7] *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("Although appellate courts are highly deferential to a jury's decisions, it is the independent responsibility of the courts to ensure that the jury's decisions are supportable by evidence in the record, rather than mere guess or conjecture." (internal quotation marks and citation omitted)). While "[t]he line between speculation and reasonable inference is not always clear," this Court has held "that an inference must be linked to a fact in evidence *Id.* (internal quotation marks and citation omitted). "A reasonable inference is a conclusion arrived at by a process of reasoning[,] which is a rational and logical deduction from facts admitted or established by the evidence." *Id.* (alterations, internal quotation marks, and citation omitted).

{4}     As to the elements of knowledge and possession, the factual determinations that Defendant had methamphetamine in his possession and knew it was methamphetamine are rational and logical deductions from the facts proven at trial, including that (1) Lucero understood Defendant to be discussing drugs; (2) Cardona observed Defendant pass an item to another inmate, who passed the item to a third inmate; (3) when apprehended, the third inmate place a bag of chips on a nearby table; and (4) Cardona found a paper packet containing methamphetamine inside the bag of chips. *See id.*; *see also State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971 (stating that intent to distribute a controlled substance may be inferred by surrounding facts and circumstances, including the manner of packaging of the controlled substance). Further, as explained in our notice, circumstantial evidence can, on its own, constitute substantial evidence. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056; *see also id.* ("The test for sufficiency of the evidence is whether substantial evidence of either a direct *or* circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." (emphasis added) (internal quotation marks and citation omitted)).

{5}     To the extent Defendant's contentions following our notice challenge the jury's determinations of credibility and weighing of testimony, we emphasize that it was for the jury to resolve any conflicts and determine the weight and credibility of the testimony.

*See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156; *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."); *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**